# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ELIZABETH MOELLER, individually and on behalf of all others similarly situated,

    Plaintiff,

v

THE WEEK PUBLICATIONS, INC.,

    Defendant.

_____/

Case No. 1:22-cv-10666

Judge Thomas L. Ludington
Magistrate Patricia T. Morris

## DEFENDANT'S SUPPLEMENTAL BRIEF RE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## CONCISE STATEMENT OF ISSUE PRESENTED

1. Whether Plaintiff Moeller's $5,000 "service award" creates an inappropriate incentive to settle regardless of the benefit to other class members.

   Defendant's Answer: The settlement was the result of a difficult all-day mediation facilitated by retired Judge Rosen. Defendant is not aware of any information to suggest that the proposed "service award" created an inappropriate settlement to settle. Defendant suggests that the Court should grant preliminary approval of the settlement and that this issue can be resolved when the Court considers final approval of the settlement.

2. Whether Plaintiff Moeller is entitled to $5,000 as a "service award."

   Defendant's answer: Defendant has no first-hand knowledge as to Plaintiff Moeller's involvement in the case other than her being a named plaintiff. Defendant notes that Plaintiff Moeller has represented to this Court that she was extensively involved in the case and assisted his counsel in numerous ways. Defendant suggests that the Court should grant preliminary approval of the settlement and that this issue can be resolved when the Court considers final approval of the settlement.

2

## **CONTROLLING OR MOST IMPORTANT AUTHORITY**

The controlling authority for this Brief is:

1. *Westley v. CCK Pizza Company, LLC*, 2019 WL 5653403, at *3 (E.D. Mich. Oct. 31, 2019) (Ludington, J.)

Defendant The Week Publications, Inc. ("The Week"), by and through undersigned counsel, hereby submits this supplemental brief in accordance with the Court's November 23, 2022 Order (ECF No. 18).

> **This Court Should Grant Preliminary Approval of the Settlement and Defer Consideration of the Questions of Whether Plaintiff Moeller's $5,000 "Service Award" Creates an Inappropriate Incentive to Settle Regardless of the Benefit to Other Class Members and Whether Plaintiff Moeller is Entitled to $5,000 as a "Service Award" until Consideration of Final Approval of the Settlement**

The motion for preliminary approval of that settlement was filed on November 21, 2022.  (ECF- 17).  The Court has ordered each of the parties to submit supplemental briefing addressing (1) whether Plaintiff Moeller's $5,000 "service award" creates an inappropriate incentive to settle regardless of the benefit to other class members and (2) why Plaintiff is entitled to $5,000 as a "service award."

Defendant is not aware of any information to suggest that the proposed "service award" created an inappropriate settlement to settle this case.  Counsel for The Week can report that the whole day mediation described in Paragraph 14 of the Declaration of Phillip Fraietta (ECF-17-2 at page 5) was a difficult and hard-fought negotiation which benefited greatly from the labors of the mediator, retired Judge Rosen.   Furthermore, since this case was settled prior to the commencement of discovery, Defendant has no first-hand knowledge as to Plaintiff Moeller's involvement in the case, other than her being a named plaintiff.  Defendant notes

that Plaintiff Moeller has represented to this Court that she was substantially involved in the case and assisted her counsel in numerous ways. The Week is aware that in another matter this Court approved an incentive award of $5,000 to a named plaintiff where it was represented to the Court that the plaintiff has been substantially involved in the litigation. *See Westley v. CCK Pizza Company, LLC*, 2019 WL 5653403, at *3 (E.D. Mich. Oct. 31, 2019) (Ludington, J.).

Defendant suggests that the Court should grant preliminary approval of the settlement and defer consideration of the questions of whether Plaintiff Moeller's $5,000 "service award" creates an inappropriate incentive to settle regardless of the benefit to other class members and (2) why Plaintiff is entitled to $5,000 as a "service award" until consideration of final approval of the settlement.

December 5, 2022               Respectfully submitted,

                               /s Walter E. Diercks

                               Walter E. Diercks
                               Rubin, Winston, Diercks,
                                  Harris & Cooke, LLP
                               1250 Connecticut Avenue, NW, Suite 700
                               Washington, DC 20036
                               (202) 861-0870
                               wdiercks@rwdhc.com

                               David C. Anderson (P55258)
                               COLLINS EINHORN FARRELL PC
                               4000 Town Center, 9th Floor
                               Southfield, MI  48075
                               Tel.: (248) 355-4141
                               David.Anderson@ceflawyers.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2022, I electronically filed the foregoing Defendant's Supplemental Brief with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system.

/s/ Walter E. Diercks