## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH MOELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WEEK PUBLICATIONS, INC.,<br><br>Defendant. | Case No. 22-cv-10666-TLL-PTM<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

## PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

## STATEMENT OF ISSUES PRESENTED

1.     Does Plaintiff Moeller's request for a $5,000 "service award" create an inappropriate incentive to settle regardless of the benefit to other class members?

**Plaintiff's Answer: No.**

2.     Is Plaintiff Moeller deserving of a $5,000 service award?

**Plaintiff's Answer: Yes.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

- Fed. R. Civ. P. 23

- *Loftus v. Outside Integrated Media, LLC*, No. 2:21-cv-11809, ECF No. 36 (E.D. Mich. Aug. 13, 2022)

- *Pelzer v. Vassalle*, 655 F. App'x 352 (6th Cir. 2016)

- *Hadix v. Johnson*, 322 F.3d 895 (6th Cir. 2003)

- *Westley v. CCK Pizza Company, LLC*, 2019 WL 5653403 (E.D. Mich. Oct. 31, 2019) (Ludington, J.)

- *In re Auto. Parts Antitrust Litig.*, 2020 WL 5653257 (E.D. Mich. Sept. 23, 2020)

- *Kinder v. Meredith Corp.*, No. 1:14-cv-11284, ECF No. 81 (E.D. Mich. May 18, 2016)

- *Perlin v. Time, Inc.*, No. 2:16-cv-10635, ECF No. 55 (E.D. Mich. Oct. 15, 2018)

## TABLE OF CONTENTS

**PAGE(S)**

I.    THE REQUESTED $5,000 SERVICE AWARD DOES NOT CREATE AN INAPPROPRIATE INCENTIVE TO SETTLE ......................1

II.   A $5,000 SERVICE AWARD IS APPROPRIATE........................................4

# TABLE OF AUTHORITIES

## Cases

*Garner Props. & Mgmt. v. City of Inkster*,
   333 F.R.D. 614 (E.D. Mich. 2020) ........................................................3
*Garner Props. & Mgmt. v. City of Inkster*,
   No. 2:17-cv-13960, ECF No. 48-1 (E.D. Mich. Sept. 23, 2019)...........3
*Green v. FCA US LLC*,
   2022 WL 3153777 (E.D. Mich. Aug. 8, 2022)......................................3
*Hadix v. Johnson*,
   322 F.3d 895 (6th Cir. 2003)................................................................2
*Hodges v. 77 Grandville*,
   2022 WL 456769 (W.D. Mich. Feb. 15, 2022)......................................3
*In re Auto. Parts Antitrust Litig.*,
   2020 WL 5653257 (E.D. Mich. Sept. 23, 2020)...................................2
*In re Dry Max Pampers Litig.*,
   724 F.3d 715 (6th Cir. 2013)................................................................2
*Kain v. The Economist Newspaper NA, Inc.*,
   No. 4:21-cv-11807 (E.D. Mich.)...........................................................1
*Kinder v. Meredith Corp.*,
   No. 1:14-cv-11284, ECF No. 81 (E.D. Mich. May 18, 2016) ...............4
*Loftus v. Outside Integrated Media, LLC*,
   No. 2:21-cv-11809, ECF No. 36 (E.D. Mich. Aug. 13, 2022) ..............4
*Pelzer v. Vassalle*,
   655 F. App'x 352 (6th Cir. 2016) ........................................................2
*Perlin v. Time, Inc.*,
   No. 2:16-cv-10635, ECF No. 55 (E.D. Mich. Oct. 15, 2018)...............4
*Westley v. CCK Pizza Company, LLC*,
   2019 WL 5653403 (E.D. Mich. Oct. 31, 2019) (Ludington, J.) ...........5

## Rules

Fed. R. Civ. P. 23(b)(2)..............................................................................3
Fed. R. Civ. P. 23(b)(3)..............................................................................3

Plaintiff Elizabeth Moeller hereby submits this supplemental brief in accordance with the Court's November 23, 2022 Order (ECF No. 18).

## I.   THE REQUESTED $5,000 SERVICE AWARD DOES NOT CREATE AN INAPPROPRIATE INCENTIVE TO SETTLE

The Court requested supplemental briefing on "whether Plaintiff Moeller's $5,000 'service award' creates an inappropriate incentive to settle regardless of the benefit to other class members." ECF No. 18 (the "Order"), PageID.1813. It does not.

As a threshold matter, the proposed settlement here recovers an aggregate sum of approximately $390 per class member – an extraordinary result for class members that was achieved after a full-day mediation with The Hon. Gerald E. Rosen (Ret.) (JAMS, Detroit), formerly the Chief Judge of the Eastern District of Michigan. As explained in the Motion for Preliminary Approval (ECF No. 17), the proposed settlement outperforms almost every other previously approved PPPA settlement, both in terms of its structure and per-class member recovery, as it provides for <u>automatic</u> payments of approximately $248 per person. *See id.*, at PageID.1632-33.[1] Against this backdrop, it is clear that Plaintiff Moeller's incentive to settle is based on the meaningful and substantial "benefit to other class members" provided by the

---

[1]    The only PPPA settlement to recover more money per class member was *Kain v. The Economist Newspaper NA, Inc.*, No. 4:21-cv-11807 (E.D. Mich.) (aggregate recovery of approximately $412 per class member).

settlement that she and her counsel negotiated. *See* Order, at PageID.1813.

While the Sixth Circuit "has never explicitly passed judgment on the appropriateness of incentive awards" (also known as "service awards"), it has found that "there may be circumstances where incentive awards are appropriate." *Hadix v. Johnson*, 322 F.3d 895, 897-98 (6th Cir. 2003); *see also, e.g.*, *Pelzer v. Vassalle*, 655 F. App'x 352, 361 (6th Cir. 2016) (approving incentive award payments that were 53 times what claiming class members would receive). As the Sixth Circuit noted "when [as here] a class-action litigation has created a communal pool of funds to be distributed to the class members, courts have approved incentive awards to be drawn out of that common pool." *Hadix*, 322 F.3d at 898. Courts of the Sixth Circuit also recognize that service awards "encourage members of a class to become class representatives and reward their efforts taken on behalf of the class." *In re Auto. Parts Antitrust Litig.*, 2020 WL 5653257, at *5 (E.D. Mich. Sept. 23, 2020).

The decisions cited in the Court's Order are distinguishable. Each of those decisions concerned a substantially weaker settlement than the one presently before the Court for preliminary approval in this case. For example, the settlement in *In re Dry Max Pampers Litig.*, 724 F.3d 715 (6th Cir. 2013) <u>provided no monetary relief to class members</u> but thousands of dollars of relief to the named plaintiffs, and therefore "treat[ed] named plaintiffs differently than other class members." *Id.* at

716, 722.[2] Similarly, the settlement in *Hodges v. 77 Grandville*, 2022 WL 456769 (W.D. Mich. Feb. 15, 2022) treated the named plaintiff differently than other class members because "[t]he manner in which her damages [were to be] calculated differ[ed] from the manner in which the damages [were to be] calculated for the Remaining Class Members." *Id.* at *3. The settlement in *Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020) only required the defendant to "deliver funds to the Claims Administrator to pay the claims" and "all unclaimed money in the Settlement Fund [] revert[ed] to the [defendant]." No. 2:17-cv-13960 ECF No. 48-1, PageID.730. And the settlement in *Green v. FCA US LLC*, 2022 WL 3153777 (E.D. Mich. Aug. 8, 2022) contemplated service awards to the named plaintiffs that were <u>more than 480 times</u> the class member payments. *Id.* at *2. Here by contrast, Plaintiff and her counsel negotiated an all-cash common-fund settlement that will <u>automatically</u> provide a substantial pro rata monetary award (of the same amount) to Plaintiff and each class member (except for those who request exclusion) – without funds reverting to Defendant under any circumstances – and gives Plaintiff the right to request a modest service award for the time and expense she incurred in bringing, litigating, and resolving this action.

---

[2]      Moreover, the proposed settlement in *In re Dry Max* was a Rule 23(b)(2) settlement "under which absent class members cannot opt out of the deal." 724 F.3d at 716. Here, by contrast, the proposed settlement is under Rule 23(b)(3) "under which class members are free to opt out of the class, and thus out of the deal negotiated for them by class counsel." *Id.*

Thus, unlike in the cases cited in the Order, the Settlement here represents an outstanding recovery for class members, and the possibility of Plaintiff receiving a service award had no impact on her ability to serve as a fiduciary for the class.

## II.     A $5,000 SERVICE AWARD IS APPROPRIATE

Plaintiff respectfully submits that a $5,000 service award is appropriate here.

As an initial matter, the requested service award is equal to or less than the service awards previously approved in this District in other PPPA cases, including by this Court. *See, e.g.*, *Kinder v. Meredith Corp.*, No. 1:14-cv-11284 ECF No. 81, PageID.2771 (E.D. Mich. May 18, 2016) (approving $10,000 service award in PPPA case, each claimant received approx. $50); *Perlin v. Time, Inc.*, No. 2:16-cv-10635 ECF No. 55, PageID.1093-94 (E.D. Mich. Oct. 15, 2018) (approving $5,000 service award in PPPA case, each claimant received approx. $25 to $50); *Loftus v. Outside Integrated Media, LLC*, No. 2:21-cv-11809 ECF No. 36 PageID.1957-58 (E.D. Mich. Aug. 13, 2022) (approving $5,000 service award in PPPA case, each claimant received approx. $50); *see also Loftus* Fairness Hearing Tr., ECF No. 17-3 (8:6-17).

Moreover, the requested service award is appropriate given Plaintiff's involvement in this case. Plaintiff spent considerable time protecting the interests of the class through her involvement here. *See generally* Declaration of E. Moeller (**Ex. B** hereto); *see also* Declaration of Philip L. Fraietta at ¶¶ 26-29, ECF No. 17-2, PageID.1670-71. Plaintiff assisted Class Counsel in investigating her claims, by

4

detailing her magazine subscription histories and aiding in drafting the pleadings, and preserved documents that would need to be turned over to the Defendant in discovery. Decl. of E. Moeller at ¶¶ 3-4, 6. Moreover, Ms. Moeller was actively engaged throughout the case and the settlement process. *Id.* at ¶¶ 4-8. This Court recently approved a $5,000 service award under similar circumstances. *See Westley v. CCK Pizza Company, LLC*, 2019 WL 5653403, at *3 (E.D. Mich. Oct. 31, 2019) (Ludington, J.). Finally, in serving as class representative, Plaintiff lent her name to this case and thus revealed her PPPA-protected status as a *The Week* subscriber.

The requested service award is well justified in this case in light of the outstanding result achieved and Plaintiff's significant involvement throughout the proceedings, including pursuing this matter knowing that, of the Class members, *only her* statutorily-protected status as a *The Week* subscriber, would be revealed. Should the Court grant preliminary approval, Plaintiff will provide further briefing on the fairness and reasonableness of the requested service award (and on any other issues the Court would find helpful) in her application for a service award that will be filed prior to the objection and exclusion deadline.

Dated: December 5, 2022          Respectfully Submitted,
                                 */s/ E. Powell Miller*
                                 E. Powell Miller (P39487)
                                 epm@millerlawpc.com
                                 **THE MILLER LAW FIRM, P.C.**
                                 950 W. University Drive, Suite 300
                                 Rochester, MI 48307
                                 Tel: 248.841.2200

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Proposed Class Counsel*

# **CERTIFICATE OF SERVICE**

I, E. Powell Miller, an attorney, hereby certify that on December 5, 2022, I served the above and foregoing ***Plaintiff's Supplemental Brief re. Motion for Preliminary Approval of Class Action Settlement*** on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

> */s/ E. Powell Miller*
> E. Powell Miller
> **THE MILLER LAW FIRM, P.C.**
> 950 W. University Dr., Ste 300
> Rochester, MI 48307
> Tel: 248.841.2200