# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH MOELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WEEK PUBLICATIONS, INC.,<br><br>Defendant. | Case No. 22-cv-10666-TLL-PTM<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

### PLAINTIFF'S REVISED UNOPPOSED MOTION FOR
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Elizabeth Moeller, by and through her counsel, submits the following in support of her Revised Unopposed Motion for Preliminary Approval of Class Action Settlement:

1. On March 28, 2022, former plaintiff Colin Custard initiated this action with the Class Action Complaint against Defendant The Week Publications, Inc. ECF No. 1.

2. As alleged in the Complaint, Defendant is an international media company that publishes *The Week* magazine. *See* Complaint (ECF No. 1) ¶ 10.

3. The Complaint alleged that, during the applicable pre-July 31, 2016 statutory period, Defendant disclosed to third parties information related to its customers' magazine subscription histories and personal reading habits without their consent in violation of the PPPA. *Id.* ¶¶ 1-2, 5-8, 41-48.

4. On August 5, 2022, Mr. Custard filed a First Amended Complaint making the same allegations and adding Frederick Vogt and Ella Norman as named plaintiffs in the action. *See generally* FAC (ECF No. 11).

5. On September 1, 2022, a Stipulated Order was entered by the Court staying the case pending mediation. ECF No. 13.

6. Following a successful mediation, a Stipulated Order was entered directing the filing of a Second Amended Complaint identifying only Ms. Moeller as plaintiff, and, upon filing, directing the Clerk of the Court to amend the caption,

directing the filing of Plaintiff's Motion for Preliminary Approval, and, finally, lifting the stay. ECF No. 14.

7. On November 3, 2022, Plaintiff Moeller filed a Second Amended Complaint making the same allegations and replacing Mr. Custard, Mr. Vogt, and Ms. Norman as sole plaintiff in the action. *See generally* SAC (ECF No. 15).

8. On November 21, 2022, Plaintiff filed the Motion for Preliminary Approval. ECF No. 17.

9. As described in the Motion for Preliminary Approval, the Settlement Agreement requires Defendant "to pay $5,082,870 to establish an all-cash, non-reversionary Settlement Fund," ECF No. 17, PageID.1632, for the benefit of approximately 13,033 Settlement Class Members, who, upon final approval, would each automatically receive a cash payment of approximately $248 (without needing to file a claim form). *See id.*, PageID.1633.

10. The Motion for Preliminary Approval indicated that, pursuant to the Settlement Agreement, Plaintiff intended to request a service award of up to $5,000 at the appropriate stage of the proceedings (i.e., in an application for a service award and for attorneys' fees and expenses that would be filed in advance of the objection and exclusion deadline). *See* ECF No. 17, PageID.1638.

11. On November 23, 2022, the Court issued an Order directing the filing of Supplemental Briefing concerning the propriety of the proposed maximum

amount of the service award to be requested prior to deciding the Motion for Preliminary Approval. ECF No. 18.

12. On December 5, 2022, Defendant and Plaintiff each filed a response to the Court's November 23, 2022 Order. ECF Nos. 19, 20, respectively.

13. On December 15, 2022, the Court issued an Order denying without prejudice Plaintiff's Motion for Preliminary Approval. ECF No. 21. The December 15, 2022 Order concluded that "the $5,000 service award is not fair enough to begin the class-notice process." ECF No. 21, PageID.1842. The Court noted that a $5,000 service award would make Plaintiff whole for Defendant's alleged violation of her rights under the PPPA and was 20 times greater than that received by class members, and found that Plaintiff had not adequately justified the amount of the proposed award in her response to the November 23, 2022 Order. ECF No. 21, PageID.1841.

14. Having thoroughly reviewed the Court's December 15, 2022 Order, Plaintiff hereby notifies the Court that she agrees to reduce the maximum amount of the service award that she intends to request (at the appropriate stage of the proceedings) from the initially-proposed $5,000 to $1,000, which she believes is a fair and reasonable award in recognition of her efforts on behalf of the Settlement Class, without exceeding the statutory maximum recovery afforded by the PPPA or overly compensating her for her efforts in comparison to the unnamed Settlement Class Members. *See* Settlement Agreement at ¶ 8.3; *see also* ECF No. 17-2,

PageID.1670-1671, ¶¶ 26-29 (detailing Plaintiff's efforts); ECF No. 20-1 (detailing the same); *Thomsen v. Morley Companies, Inc.*, 2022 WL 16708240, at *2 (E.D. Mich. Nov. 4, 2022) (Ludington, J.) (approving $1,500 service award—also a data privacy case, and under similar circumstances as here, in which mediation took place early on and thus produced an efficient resolution for the Class); *but see Kinder v. Meredith Corp.*, Case No. 14-cv-11284-TLL, ECF No. 81, PageID.2771 at ¶ 15 (E.D. Mich. May 18, 2016) (approving $10,000 service award in PPPA case where only claiming class members received approximately $50 each).

15. Based on Section 8.3 of the Parties' Settlement Agreement, should a lesser amount than what is sought be awarded as a service award, the difference will remain in the Settlement Fund and be distributed *pro rata* among Settlement Class Members. ECF No. 17-2, PageID.1701 at ¶ 8.3.

16. As noted above, the Motion for Preliminary Approval projected that each of the approximate 13,033 Settlement Class Members would have received a cash payment of approximately $248 if a $5,000 service award had been approved by the Court. ECF No. 17, PageID.1633.

17. The Settlement Agreement explicitly addresses this scenario (where the amount originally sought as a service award is reduced by the Court) by directing that the difference between the amount requested and the amount awarded by the Court remain in the Settlement Fund and be distributed *pro rata* among Settlement

4

Class Members. *See* ECF No. 17-2, PageID.1701 at ¶ 8.3 (amount stays in the Settlement Fund), ECF No. 17, PageID.1633 (cash payment values to Class Members are "approximate[]"), respectively.

18. Thus, pursuant to the Settlement Agreement, should the Settlement be approved as revised with respect to the amount Plaintiff will seek as a service award, each Settlement Class Member will receive approximately $0.30 more than they would have received had Plaintiff's initial request of $5,000 been approved (computed by dividing the additional $4,000 that will now remain in the Settlement Fund by the 13,033 Settlement Class Members).

19. Moreover, if the Court grants preliminary approval to the Settlement Agreement following the revision set forth herein, Class Counsel will instruct the Settlement Administrator to modify the proposed notices to inform Settlement Class Members of Plaintiff's agreement not to request a service award in excess of $1,000 for her services on behalf of the Settlement Class, and of the updated projected amount that each Settlement Class Member will receive upon final approval. *See* Exhibit A to the Settlement Agreement, ECF No. 17-2 PageID.1716 ($5,000 figure to be changed to $1,000 in revised notice); Exhibit B to the Settlement Agreement ECF No. 17-2 PageID.1719 (same); Exhibit C to the Settlement Agreement ECF No. 17-2 PageID.1726 (same).

20. Except for the revision to the amount of the service award to be requested, as set forth above, Plaintiff incorporates by reference the remainder of her originally filed Motion for Preliminary Approval. ECF No. 17.

Thus, for the reasons set forth in Plaintiff's Brief in Support of her Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 17), and in light of Plaintiff's agreement to reduce the amount of the service award that she will request, as set forth above, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the Settlement Agreement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A., Frank S. Hedin and Arun G. Ravindran of Hedin Hall LLP, and E. Powell Miller of The Miller Law Firm, P.C. as Class Counsel; (4) appoint Elizabeth Moeller as the Class Representative for the Settlement Class who agrees to request not more than $1,000 as a service award; and (5) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice") and direct distribution of the Proposed Notice. *See* ECF No. 17.

The undersigned counsel for Plaintiff certifies that counsel communicated with opposing counsel, via email on December 20, 2022, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief;

Defendant's counsel communicated that it does not oppose this motion and the relief requested herein.

Dated: December 21, 2022

Respectfully submitted,

By: */s/ E. Powell Miller*
One of Plaintiff's Attorneys

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200
epm@millerlawpc.com
ssa@millerlawpc.com

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Proposed Class Counsel*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ELIZABETH MOELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WEEK PUBLICATIONS, INC.,<br><br>Defendant. | Case No. 22-cv-10666-TLL-PTM<br><br>Hon. Thomas L. Ludington<br><br>Mag. Judge Patricia T. Morris |

**BRIEF IN SUPPORT OF PLAINTIFF'S REVISED
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

## STATEMENT OF ISSUES PRESENTED

1. Does the proposed Settlement Class meet Fed. R. Civ. P. 23's requirements for class certification for settlement purposes?

   **Plaintiff's Answer: Yes.**

2. Should Plaintiff's Counsel be appointed as Class Counsel?

   **Plaintiff's Answer: Yes.**

3. Should Plaintiff be appointed as the Class Representative for the Settlement Class?

   **Plaintiff's Answer: Yes.**

4. Based on an initial evaluation, is the proposed Settlement fair, adequate, and reasonable, sufficient to warrant notice to the proposed Settlement Class?

   **Plaintiff's Answer: Yes.**

5. Does the Notice Plan satisfy the requirements of Fed. R. Civ. P. 23 and Due Process?

   **Plaintiff's Answer: Yes.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 23

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)

*Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S. Ct. 1884 (2013)

*Coulter-Owens v. Time, Inc.*, 308 F.R.D 524 (E.D. Mich. 2015)

*In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013)

*UAW v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

## PLAINTIFF'S BRIEF IN SUPPORT

For Plaintiff's Brief in Support of her Revised Unopposed Motion for Preliminary Approval of Class Action Settlement, Plaintiff relies on her Revised Motion, above, and the contents of her (First) Motion, ECF No. 17.

Dated: December 21, 2022

Respectfully submitted,

By: */s/ E. Powell Miller*
E. Powell Miller (P39487)
epm@millerlawpc.com
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248.841.2200

Joseph I. Marchese (P85862)
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Proposed Class Counsel*

1

## **CERTIFICATE OF SERVICE**

I, E. Powell Miller, an attorney, hereby certify that on December 21, 2022, I served the above and foregoing ***Plaintiff's Revised Unopposed Motion for Preliminary Approval of Class Action Settlement*** on all counsel of record by filing it electronically with the Clerk of the Court using the CM/ECF filing system.

>  */s/ E. Powell Miller*
>  E. Powell Miller
>  **THE MILLER LAW FIRM, P.C.**
>  950 W. University Dr., Ste 300
>  Rochester, MI 48307
>  Tel: 248.841.2200